IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KARMEN CHARLES FOX,<br>a/k/a KACE FOX;<br>KRISTIN AMIE CARRINGTON; and<br>CHASITY LYNN FEATHER | **S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>Case No. 3:23-cr-211<br><br>Violations: 18 U.S.C. §§ 924(a)(8), 924(c)(1)(A), 922(g)(1), and 1956(h); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; and 18 U.S.C. § 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances**

The Grand Jury Charges:

From in or about 2022 to the date of this Superseding Indictment, in the District of North Dakota, and elsewhere,

KARMEN CHARLES FOX, a/k/a KACE FOX;
KRISTIN AMIE CARRINGTON; and
CHASITY LYNN FEATHER

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute (i) a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## DRUG QUANTITY

With respect to KARMEN CHARLES FOX, a/k/a KACE FOX, the amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide") involved in the conspiracy attributable to each of these individuals as a result of that individual's own conduct, and the conduct of other conspirators reasonably foreseeable to that individual, is 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), in violation of Title 21, United States Code, Section 841(b)(1)(a).

## OVERT ACTS

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that one or more of the conspirators traveled in the District of North Dakota, and elsewhere, to obtain, transport, and distribute fentanyl;

2. It was a part of said conspiracy that the defendants and others would and did distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, on or near the Spirit Lake Reservation in North Dakota, and elsewhere, including but not limited to:

    (a) In December 2022, KARMEN CHARLES FOX, a/k/a KACE FOX; and CHASITY LYNN FEATHER, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely,

approximately 175 pills containing a mixture and substance containing a detectable amount of fentanyl;

(b) On or about December 12, 2022, KARMEN CHARLES FOX, a/k/a KACE FOX; and CHASITY LYNN FEATHER, individually, and by aiding and abetting, distributed a controlled substance, namely, approximately 1 pill containing a mixture and substance containing a detectable amount of fentanyl to H.T.;

(c) On or about June 8, 2023, KARMEN CHARLES FOX, a/k/a KACE FOX, and KRISTIN AMIE CARRINGTON, individually, and by aiding and abetting, distributed a controlled substance, namely, approximately 399 pills containing a mixture and substance containing a detectable amount of fentanyl;

(d) On or about June 12, 2023, KRISTIN AMIE CARRINGTON, individually, and by aiding and abetting, distributed a controlled substance, namely, approximately 477 pills containing a mixture and substance containing a detectable amount of fentanyl;

(e) On or about November 21, 2023, KARMEN CHARLES FOX, a/k/a KACE FOX, individually, and by aiding and abetting, distributed a controlled substance, namely, approximately 25 grams containing a mixture and substance containing a detectable amount of methamphetamine;

4.   It was further a part of said conspiracy that certain conspirators sought and located users of fentanyl to purchase controlled substances from other conspirators;

5. It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of fentanyl for other conspirators;

6. It was further a part of said conspiracy that one or more conspirators received money wire transfers that were proceeds of fentanyl sales;

7. It was further a part of said conspiracy that one or more conspirators sent money wire transfers that were proceeds of fentanyl sales;

8. It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, trailer homes, houses, and hotel rooms in North Dakota, and elsewhere, from which to store, possess, and distribute fentanyl;

9. It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase fentanyl;

10. It was further a part of said conspiracy that one or more conspirators would and did attempt to conceal their activities;

11. It was further a part of said conspiracy that one or more conspirators would and did use United States currency in their drug transactions;

12. It was further a part of said conspiracy that one or more conspirators would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of fentanyl;

13. It was further a part of said conspiracy that one or more conspirators would and did use social media websites, including but not limited to Facebook, to facilitate the distribution of fentanyl; and

14. It was further a part of said conspiracy that one or more conspirators possessed firearms to protect their supply of controlled substances in North Dakota and elsewhere;

In violation of Title 21, United States Code, Section 846, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

COUNT TWO

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about 2022 and continuing through the date of this Superseding Indictment, in the District of North Dakota, and elsewhere,

KARMEN CHARLES FOX, a/k/a KACE FOX,
and CHASITY LYNN FEATHER

did knowingly combine, conspire, and agree with one or more persons, both known and unknown to the grand jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, knowingly and intentionally distributing controlled substances: (a) with intent to promote the carrying on of the specified unlawful activity; and (b) knowing that the transaction is designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i);

MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.   KARMEN CHARLES FOX, a/k/a KACE FOX; CHASITY LYNN FEATHER, and co-conspirators, acquired fentanyl, a Schedule II controlled substance,

outside of the District of North Dakota for distribution. The fentanyl was thereafter transported through, and distributed in, the District of North Dakota, and elsewhere, during the time frame of the conspiracy;

    2.    Members of the controlled substance distribution conspiracy organization would sell fentanyl, and currency would be collected and transferred from one person to another to continue the ongoing illegal activity; and

    3.    During the course of this conspiracy, persons both known and unknown to the grand jury utilized money transfer services, such as CashApp, Walmart-to-Walmart (RFI Financial), and MoneyGram money services, to wire and transfer proceeds of the illegal drug sales from North Dakota, and elsewhere, with intent to disguise and conceal the nature, the location, the source, the ownership, and the control of the proceeds of the drug trafficking activity, and to promote and continue the distribution activity;

    In violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

In December 2022, in the District of North Dakota,

> KARMEN CHARLES FOX, a/k/a KACE FOX,
> and CHASITY LYNN FEATHER,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 175 pills of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR

### Distribution of a Controlled Substance Resulting in Death

The Grand Jury Further Charges:

On or about December 12, 2022, in the District of North Dakota,

KARMEN CHARLES FOX, a/k/a KACE FOX,
and CHASITY LYNN FEATHER,

individually, and by aiding and abetting, knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, resulting in death to H.T.;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.

## COUNT FIVE

## Distribution of a Controlled Substance

The Grand Jury Further Charges:

On or about June 8, 2023, in the District of North Dakota,

KARMEN CHARLES FOX, a/k/a KACE FOX,
and KRISTIN AMIE CARRINGTON,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 399 pills of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX

### Distribution of a Controlled Substance

The Grand Jury Further Charges:

On or about June 12, 2023, in the District of North Dakota,

KRISTIN AMIE CARRINGTON,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 477 pills of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SEVEN

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about November 21, 2023, in the District of North Dakota,

KARMEN CHARLES FOX, a/k/a KACE FOX,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT EIGHT

**Possession of Firearms in Furtherance of a Drug Trafficking Crime**

The Grand Jury Further Charges:

In or about November 2023, in the District of North Dakota,

KARMEN CHARLES FOX, a/k/a KACE FOX,

possessed one or more firearms, namely:

- One Mossberg International, .22 caliber rifle, Serial Number EML4014833;

- One Springfield Armory, Model 911, 9mm pistol, Serial Number CN055892; and

- One Armscor of the Philippines, 12-gauge shotgun, Serial Number RIA1674154,

in furtherance of a drug trafficking crime for which KARMEN CHARLES FOX, a/k/a KACE FOX, may be prosecuted in a court of the United States, to wit: Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, as set forth in Count One of this Superseding Indictment; Possession with Intent to Distribute a Controlled Substance, as set forth in Count Three of this Superseding Indictment; Distribution of a Controlled Substance, as set forth in Count Six of this Superseding Indictment; and Possession with Intent to Distribute a Controlled Substance, as set forth in Count Seven of this Superseding Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT NINE

### Possession of Firearms by a Convicted Felon

The Grand Jury Further Charges:

In or about November 2023, in the District of North Dakota,

KARMEN CHARLES FOX, a/k/a KACE FOX,

knowing that he had been previously convicted of the following crimes punishable by imprisonment for a term exceeding one year:

- Attempted Delivery of Controlled Substance – Heroin, a Class B Felony, on or about October 15, 2018, in South Central Judicial District, Burleigh County, ND, Case Number 08-2018-CR-01260; and

- Fleeing a Peace Officer, a Class C Felony, and Reckless Endangerment, a Class C Felony, on or about August 14, 2018, in South Central Judicial District, Burleigh County, ND, Case Number 08-2018-CR-00415;

knowingly possessed in and affecting commerce, one or more firearms, that is:

- One Mossberg International, .22 caliber rifle, Serial Number EML4014833;

- One Springfield Armory, Model 911, 9mm pistol, Serial Number CN055892; and

- One Armscor of the Philippines, 12-gauge shotgun, Serial Number RIA1674154;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 2.

A TRUE BILL:

See Note*
_____
Foreperson

/s/ Jennifer Puhl for
_____
MAC SCHNEIDER
United States Attorney

DMD/vt

14

*No foreperson signature. Original Indictment has been corrected by Order of the Court.